United States District Court
Southern District of Texas
ENTERED

MAY 1 8 2000

Michael N. Milby, Clerk of Court

8.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICHARD BARRON                        §
                                      §
V.                                    §      C.A. NO. C-00-041
                                      §
MICHAEL PURDY, ET AL.                 §

## MEMORANDUM AND RECOMMENDATION

Plaintiff is an inmate currently incarcerated at F.C.I. Three Rivers in Three Rivers, Texas.  Proceeding *pro se*, plaintiff filed a civil rights complaint (D.E. 1) under 42 U.S.C. § 1983 alleging that defendants Michael Purdy and Steven Hardman, employees at F.C.I. Three Rivers, violated his constitutional rights.

For the reasons discussed below, it is recommended that plaintiff's claims be dismissed for want of prosecution, Fed. R. Civ. P. 41(b), and for failure to comply with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

## I.  JURISDICTION

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

## II. DISCUSSION

Plaintiff filed his original complaint and a motion to proceed *in forma pauperis* on January 28, 2000.[1]  The Court struck plaintiff's complaint on January 31, 2000, noting that it had not

_____

[1]A notice advising plaintiff that his complaint had been filed was returned as "refused."  See docket notation February 9, 2000.

ClibPDF - www.fastio.com

been signed by the plaintiff (D.E. 6).  On February 1, 2000 the Court granted plaintiff leave to proceed as a pauper, and ordered him to pay an initial partial filing fee of $3.00 within 30 days, in accordance with the PLRA (D.E. 4).  Plaintiff was notified that failure to pay the fee might result in dismissal of his action.  Id.

On March 7, 2000, plaintiff was ordered to show cause why his action should not be dismissed for failure to prosecute.  He had not re-filed a signed copy of his complaint or paid the initial filing fee as required.  (D.E. 7).  To date, plaintiff has not responded to the order to show cause, and has taken no further action to prosecute his lawsuit.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's claims be dismissed without prejudice for want of prosecution, Fed. R. Civ. P. 41(b), and for failure to comply with the PLRA, 28 U.S.C.§ 1915(b) .

Respectfully submitted this __17__ day of ____May____, 2000.


_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

2

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

3

ClibPDF - www.fastio.com