IN THE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 2 2001

MICHAEL N. MILBY CLERK

| | |
|---|---|
| RICHARD BARRON,<br>            Plaintiff,<br><br>v.<br><br>MICHAEL A. PURDY, and<br><br>STEVEN HARDMAN,<br>            Defendant(s) | CIVIL ACTION NO. 2:00-CV-41 |

MOTION TO RE-OPEN CASE, IN INTEREST OF "JUSTICE AND FAIRNESS" TO CLAIM(S) SUBMITTED, IN LIGHT OF EXTRA ORDINARY CIRCUMSTANCES, CAUSING "DISMISSAL" WITHOUT [PREJUDICE] FOR WANT OF PROSECUTION AND FOR FAILURE TO COMPLY WITH THE PLRA.

COMES NOW, Richard Barron, hereinafter Plaintiff, in a <u>pro-se</u> capacity (<u>HAINES v. KERNER</u>, 92 S. Ct. 599 (1972)) and moves this Honorable U.S. District Court for the Southern District of Texas to file this "MOTION TO RE-OPEN CASE, IN INTEREST OF 'JUSTICE AND FAIRNESS' TO CLAIM(S) SUBMITTED, IN LIGHT OF EXTRA ORDINARY CIRCUMSTANCES, CAUSING 'DISMISSAL' WITHOUT [PREJUDICE] FOR WANT OF PROSECUTION AND FOR FAILURE TO COMPLY WITH THE PLRA". In support thereof, Plaintiff will in regard show the Court the following, to wit:

1. This Court has jurisdiction to exercise this motion pursuant to, inter alia, Federal Rules of Civil Procedure Rule 15(a), 28 U.S.C.A., moreover, being the Sentencing Court which imposed disposition in [said] cause. Further, in support henceforth, Plaintiff elects to provide Affidavit for amelioration substantial to adequacy of the Court's existing record.

2. Plaintiff's "untimely transfer" from F.C.I. Three Rivers, TX (1/25/00), should be <u>suspect</u> to impediment to access to the Court; thus, causing [adverse] decision(s) of Honorable Magistrate Judge Jane Cooper-Hill (5/17/00),

1.

1. Diligently sought [relief] to "re-open" said case, as demonstrated above.

2. A "timely" privileged opportunity to clarify claim(s), being [same] heretofore, which may prove to provide manifest amelioration to prudence of the Court; specifically, to Plaintiff's claim(s) being contingent to birth of [other] digressive behavior/acts of [whosoever], by demonstrated effort(s) to impede justice.

3. Acceptance of "INITIAL PARTIAL FILING FEE" hereby enroute, subsequent to the mailing date of this document, as being provided [Nunc Pro Tunc]; the record of the Court being adequately revealing to Plaintiff's "pauper" status (1/31/00).

4. Appointment of counsel, inter alia, pursuant to Sec. 3006A to efficiently perfect claim(s) in accord, with "Rules of the Court".

5. Any other relief this Court deems just and equitable.

Respectfully submitted,

*Richard Barron*

Richard Barron (pro-se)
No. 60591-080

DATE: *January 8, 2001*

3

## AFFIDAVIT/DECLARATION OF STATEMENT OF FACT

I Richard Barron BEING FIRST DULY SWORN UPON OATH ALLEGE AND STATE :

I have never been "timely" provided a copy of Court's ORDER of January 31, 2000, though served, until its subsequent conjoining receipt to Court's adverse judgment of June 29, 2000, rendered compliance impossible. However, with the status of proceeding(s) concealed, I forthwith, upon receipt of Court's ORDER (1/31/00), forwarded requisite fee(s) through the appropriate procedure(s) from my "Inmate Account". Even the record demonstrates what should be further manipulative tactics from [time] fee(s) endorsed to be deleted from "Inmate Account" to when the Clerk of Court was in receipt of [said] fee(s).

Consequently, I remain available upon request/subpoena to appear and/or DISCLOSE any/all truthful information/testimony in support of all of the above, if needed, to ameliorate the Court's further insight. "In the interest of justice, ...", I hope and PRAY that such demonstrated diligence discloses the continuing success of our Judicial System, through empirical prudence, in providing "justice and fairness" to all interested parties in this matter.

Plaintiff signed below is presently incarcerated at Federal Corrections Institution, P.O. Box 7000, C-2, Texarkana, TX, 75505, and is filing all documents pro-se (HAINES v. KERNER, 92 S. Ct. 599 (1972)). Further, pursuant to 28 U.S.C. Sec. 1746, I DECLARE UNDER THE PENALTY OF PERJURY, UNDER THE LAW OF THE UNITED STATES OF AMERICA, THAT THE FOREGOING IS TRUE AND CORRECT.

Respectfully submitted,

*Richard Barron*
Richard Barron, (pro-se)
No. 60591-080

DATE: January 8, 2001

# EXHIBIT A

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

Voucher No. 2209

**Request for Withdrawal of Inmate's Personal Funds**

UNITED STATES DISTRICT COURT No C-00-41   7/9/00
(Name of Institution and Location)   (Date)

Please charge to my account the sum of $3.00 Dollars Cents ... and authorize the same to

be paid Clerk of Court
(Payee)

Corpus Christi, TX   P.O. Box 2301
(Street Address)

346-3011   Filing fee
(Purpose)

Richard Barron   6059680
(Signature of Inmate)   (Register No.)

The inmate's personal account has been charged in the amount indicated above.

_____ (Commissary Clerk)

Paid by cash on _____, 19__

USP LVN

Richard Barron   7-2
(Payee's Signature)   (Approving Official)

Previously BP-CMS-21/24
**INMATES DUPLICATE COPY**

BP-199(45)
October 1988

## EXHIBIT B

```
FCI TEXARKANA LIMITED OFFICIAL USE
TRANSACTION NO. T27592
STATION NO:25

DATE:09/08/00
REGISTER NO:60591080
   NAME:BARRON, RICHARD ALVARADO - Box No.C
From: CANC U.S. TREA CK       Quarters:
TRANSACTION TYPE:U.S. TREASURY CHECK
        AMOUNT:$3.00
```

RECEIVED FROM \ DISBURSED TO
_____
SIGNATURE OF RECEIVING OFFICER

All negotiable instruments other than U.S. government checks, state government checks, postal money orders, and checks from privately contracted correctional facilities are accepted subject to collection.

Original - To Accounting / COPY - To Inmate

# EXHIBIT-C

Richard Barron
No. 60591-080
F.C.I. Texarkana
P.O. Box 7000
Texarkana, TX 75505

September 21, 2000

CLERK
U.S. District Court
P.O. Box 23011
Corpus Christi, TX 78403-3011



CLERK, U.S. DISTRICT COURT
RECEIVED
SEP 25 2000
SOUTHERN DIST. OF TEXAS
CORPUS CHRISTI, TEXAS

RE: <u>Richard Barron v. Michael Purdy, ET AL.</u>, C.A. No. C-00-41.

Dear CLERK:

Peace from GOD!

This letter is in reference to the <u>above</u> captioned case (SEE, <u>ORDER</u> of February 1, 2000). <u>Please</u> advise as to existing <u>status</u>, if any, moreover, forward <u>copy(s)</u> of any additional <u>ORDER(s)</u> from the Honorable U.S. District Court, or <u>other</u> pertinent document(s), pertaining to this matter of ultimate concern. As you are aware, a three (3) dollar(s) <u>filing</u> fee(s) was forwarded to your office on July 9, 2000, <u>deleted</u> from <u>inmate account</u>. However, <u>please</u>, [note] in your data base that present B.O.P. designation is as <u>exhibited</u>, above. Additionally, for your convenience, <u>please</u>, find enclosed <u>return</u>, self-addressed, postage <u>pre-paid</u> envelope, to provide diligently sought information.

Thanks for your assistance and cooperation, to the utmost. If I can be of any further assistance or provide additional

information, please, do <u>not</u> hesitate to write. As always, I remain

Respectfully, submitted,

*Richard Barron*
Richard Barron
No. 60591-080

cc:

2

## CERTIFICATE OF FILING AND SERVICE

Pursuant to the principles of Houston V. Lack, 487 U.S. 266, 101 L.Ed .2d 245, 108 S.Ct.___(1988) and Supreme Court Rule 29.2, the attached documents were filed with this Court on 1/8/01 and served on counsel for the opposing party on this same date, by depositing the required number of originals and duplicates of said documents into the prison mail collection box, in sealed envelopes, first class postage affixed and addressed to the Clerk of this Court and to opposing counsel at the addresses set forth in the Clerk's Record.

CC; Mailed to: Mr. Michael A. Purdy /
Mr. Steven Hardman
P.O. Box 4100
Three Rivers, TX 78071

The below signed litigant is incarcerated in the Federal Correctional Institute at Texarkana, TX and is filing the documents pro-se.

Pursuant to 28 U.S.C. §1746:

I DECLARE UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THAT THE FOREGOING IS TRUE AND CORRECT.

*Richard Barron*

Richard Barron, pro-se
No. 60591-080

DATED: January 8, 2001