United States District Court
Southern District of Texas
ENTERED
JAN 2 9 2001
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD BARRON | § | |
| | § | |
| V. | § | C.A. NO. C-00-041 |
| | § | |
| MICHAEL A. PURDY, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO RE-OPEN CASE

On January 28, 2000, plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under Bivens[1] alleging that officials and employees of the Federal Bureau of Prisons at FCI Three Rivers were deliberately indifferent to his serious medical needs. On July 3, 2000, the Court entered final judgment dismissing the case without prejudice for want of prosecution and failure to comply with the PLRA. See D.E. 9, 10. Now before the Court is plaintiff's motion to reopen case (D.E. 11). A telephone conference was held on this motion on January 24, 2001.

### I. BACKGROUND

This lawsuit was filed on January 28, 2000. The envelope in which it was received by the Clerk indicated that it was placed in the mail system at FCI Three Rivers on January 22, 2000. Plaintiff was transferred from FCI Three Rivers on January 25, 2000 (D.E. 11 at 1). He spent about 25 days at a transfer facility in Oklahoma City and was then sent to Texarkana about February 25, 2000.

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Although plaintiff acknowledged at the hearing that it was his responsibility to notify the Court of a change of address, he complains that it was not practicable to send an address change until he had reached his destination in Texarkana.[2]

An initial partial filing fee order was entered on January 31, 2000 (D.E. 4). The Court struck the complaint on February 6, 2000 because plaintiff had not signed it (D.E. 6).[3] Moreover, when plaintiff failed to pay the initial partial filing fee, he was ordered on March 7, 2000 to show cause why his complaint should not be dismissed and to file a change of address (D.E. 7). These orders were sent to him at FCI Three Rivers. Plaintiff failed to respond to any of these orders, and the Court dismissed plaintiff's claims for want of prosecution on June 29, 2000 (D.E. 9) after plaintiff failed to file any objections to the Memorandum and Recommendation of dismissal (D.E. 8).

At the telephone conference, plaintiff stated that he received the January 31, 2000 partial filing fee order (D.E. 4) long after he arrived at Texarkana, and promptly arranged for payment of the initial partial filing fee. The file and docket reflect that a U. S. Treasury check for $3.00, dated July 18, 2000, was returned by the clerk on August 16, 2000. [A subsequent check, see D.E. 13,

---

[2] Assistant United States Attorney Charles Wendlandt noted at the hearing that, for security reasons, prisoners are not informed of their destination while at the transfer facility.

[3] If the Court adopts the recommendation that this lawsuit be reinstated, plaintiff will need to file a signed pleading immediately.

2

was returned on January 18, 2001.] He denies receiving the order to show cause. Plaintiff also stated that he had never received the recommendation of dismissal notifying him that he must file objections within ten days. Consistent with his assertion, the copy that was mailed to plaintiff was returned to the Court and is in the clerk's file; its envelope reflects that it was refused by FCI Three Rivers because plaintiff was no longer at that facility.[4]

Apparently upon learning of the return of his first $3.00 check, plaintiff wrote to the clerk on September 21, 2000 to inquire as to the status of the case and to request copies of any orders. See D.E. 11, Exh. C. Only then did he learn that the case had been dismissed. This motion to re-open followed.

Plaintiff points out that FCI Three Rivers failed to follow Bureau of Prisons regulation 28 C.F.R. § 540.25(f), which provides that "[s]taff shall forward inmate general correspondence to the new address for a period of 30 days." Although the initial partial filing fee eventually reached plaintiff in Texarkana, neither that order nor the order striking pleading appear to have been sent to him at the Oklahoma Transfer Center. As noted, the notice of filing that was mailed from the clerk's office on January 28, 2000, was refused by FCI Three Rivers and returned to the clerk. Plaintiff also argues that FCI Three Rivers should have forwarded

---

[4]The Clerk's file also contains the returned notice of filing of complaint; that envelope simply indicates refusal by FCI Three Rivers without explanation.

all correspondence from the Court under 28 C.F.R. § 540.25(e): "Staff shall use all means practicable to forward special mail."

## II.  APPLICABLE LAW

Plaintiff has styled his motion as one to "reopen" the case (D.E. 11). While the Federal Rules of Civil Procedure do not recognize a "motion to reopen case," the Fifth Circuit has held that a motion for reconsideration to reinstate a case may be classified as a motion under either Rule 59 or Rule 60, depending on the time of filing. Pryor v. U.S. Postal Service, 769 F.2d 281, 285 (5th Cir. 1985); see also Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)(en banc). A motion for reconsideration is treated as a Rule 59(e) motion to alter or amend the judgment if it is filed within ten days of rendition of judgment, while it is treated as a Rule 60(b) motion for relief from judgment if filed more than ten days after judgment. See Pryor, 769 F.2d at 285. Here, plaintiff filed his motion to reopen case on January 12, 2001, over six months after entry of judgment on June 29, 2000. The instant motion must therefore be treated as one under Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60(b) establishes the circumstances in which relief is available from final judgments, whether they are entered

4

by default or otherwise. <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 401 (5th Cir. 1981). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment . . . was entered. . . .

The purpose of Rule 60(b) is "to strike a balance between two conflicting goals, the finality of judgments and the command of the court to do justice." <u>Stipelcovich v. Sand Dollar Marine, Inc.</u>, 805 F.2d 599, 604 (5th Cir. 1986), <u>citing</u> <u>Seven Elves</u>, 635 F.2d at 401. The motion is timely, as it was filed within one year of judgment.

The decision on a motion to vacate a final judgment under Rule 60(b) is "directed to the sound discretion of the district court and will only be reversed if there is an abuse of that discretion." <u>Stipelcovich</u>, 805 F.2d at 604, <u>citing</u> <u>Roberts v. Rehoboth Pharmacy, Inc.</u>, 574 F.2d 846, 847 (5th Cir. 1978).

### III. DISCUSSION

Although plaintiff failed to notify the Court of his change of address as required, refusal to reinstate his claims at this point would lead to an unduly harsh result. Even though the dismissal of this case is without prejudice to refiling, plaintiff's account of the timing of the post-surgery infection on which he bases his

complaint indicates that his claim may already face statute of limitations problems, and would certainly be barred if he is required to file a new lawsuit.

Particularly relevant to the Rule 60 analysis is the fact that the fault does not lie entirely with plaintiff. As discussed above, it appears that FCI Three Rivers failed to follow BOP regulations governing the forwarding of mail. Had early court documents (especially the fee order, which was the basis for subsequent orders to show cause and of dismissal) actually been timely forwarded to plaintiff, plaintiff would have had the chance to pay the $3.00 initial partial filing fee and avoid dismissal. Moreover, the plaintiff promptly took affirmative steps to pay the fee when he finally received the order in July 2000, and he promptly inquired of the clerk when he had reason to believe something was amiss.

Because he did not receive the orders, plaintiff's failure to respond to the show cause order and the Memorandum and Recommendation of dismissal are arguably excusable neglect, inadvertence, or mistake under Rule 60(b)(1). Moreover, taking into account his pro se status, the potential statute of limitations bar of a new lawsuit, and the efforts he made once he received the Court's orders, the Court could view the circumstances presented as falling within the "catch-all" provision of rule 60(b)(6) ("any other reason justifying relief.").

Finally, defendants have not yet been served and no prejudice is apparent if the Court reinstates plaintiff's claims.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion to reopen (D.E. 11) be granted and that his claims be reinstated, and that he be required to file a signed complaint and pay the initial $3.00 initial partial filing fee within 30 days of entry of an order adopting this recommendation.

Respectfully submitted this  25  day of January, 2001.

*Jane Cooper-Hill*
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).