Case 2:00-cv-00041   Document 21   Filed in TXSD on 04/06/2001   Page 1 of 13

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD BARRON,<br>　　Plaintiff,<br><br>v.<br><br>MICHAEL A. PURDY, ET AL. | C. A. NO. C - 00 - 41 |

PRISONER'S CIVIL RIGHTS COMPLAINT

## A.

## PARTIES

1. Richard Barron, Plaintiff, is a citizen of Dallas, Texas who, due to being incarcerated, presently resides at Federal Corrections Institution, P.O. Box 7000, C-2, Texarkana, TX 75505.

2. Defendant Michael A. Purdy is a citizen of Texas whose address is Federal Corrections Institution, P.O. Box 4200, Three Rivers, TX 78701, and who is employed as WARDEN - F.C.I. Three Rivers, TX. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of federal law. Plaintiff was compelled wantonly in being exposed to [deliberate-indifference], as exercised adversely upon him by B.O.P. staff (F.C.I. Three Rivers, TX) by its [failure] to provide the post-operational "monitoring and treatment" of absolute necessity, within ambit of their Office, Employment, and/or Individual(s) capacity.

3. Defendant Steven Hardman is a citizen of Texas whose address is Federal Corrections Institution, P.O. Box 4200, Three Rivers, TX 78071, and who is employed as Chief of Dental Services. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of federal

21.

law. Plaintiff was compelled wantonly ... (same as no. 2 above).

## B.

## JURISDICTION

Jurisdiction is involked under BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS, 403 U.S. 388, 91 S. Ct. 1999 (1971), SEE, "Memorandum and Recommendation To Re-Open Case", by HONORABLE JANE COOPER - HILL, U.S. MAGIS-TRATE JUDGE, of January 25, 2001 (filed 1/29/01), Exhibit B; adopted by HONOR-ABLE JANIS GRAHAM JACK - U.S.D.C., in ORDER of February 27, 2001 (filed 3/2/01), Exhibit A, and 28 U.S.C. Sec. 1331, et seq.

This is an unwarranted occurrance that spawned this "personal injury" claim(s) submitted as a result of, inter alia, blatantly unprofessional "post-operational" medical care being executed at F.C.I. Three Rivers, TX; subsequently initiated upon return to F.C.I. Three Rivers, TX from beyond, at University Hospital Health Center (U.H.H.C.), San Antonio, TX on August 25, 1997, Exhibit D - B.O.P. Admin-istrative Remedy Grievance(s).

## C.

## CAUSE OF ACTION

As feasibly perfected in given pro-se capacity, Plaintiff alleges, inter alia, that the following Constitutional right(s), privileges, or immunities have been violated and advances the following facts in composing perdicate(s) to allegation(s) in support thereof and would show the Court as follows, to wit:

## CLAIM I.

WHETHER BUREAU OF PRISONS STAFF RENDERED BLATANTLY UNPROFESSIONAL "POST-OPERATIONAL" MEDICAL CARE, UPON RETURN FROM BEYOND AT F.C.I. THREE RIVERS, IN VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS UNDER "CRUEL AND UNUSUAL PUNISHMENT".

2

## CLAIM II.

WHETHER DEFENDANT(S) FAILED TO PERFORM NON-DISCRETIONARY DUTIES AS SOLEMNLY OBLIGED WITHIN AMBIT OF OFFICE, EMPLOYMENT, BUT MOREOVER, TO INTEGRITY OF PERSONAL BEING, AS ACCEPTED IN A MODERN-DAY SOCIETY.

## CLAIM III.

WHETHER PLAINTIFF'S ADVERSELY COMPELLED EXPOSURE TO [DELIBERATE-INDIFFERENCE], FURTHER IMPAIRED BY [WHOSOEVER] OF AUTHORITY, IN CLANDESTINE ENDEAVOR(S) TO CIRCUMVENT APOCALYPSE, BY ACT OF ABRUPT TRANSFER, CINTINGENT TO BEING MINDFUL OF ADVANCING LITIGATION VIABLE TO VIOLATION(S) OF CONSTITUTIONAL MAGNITUDE.

The heading(s) to each claim above reflects the three (3) most pertinent questions, that coincide, which Plaintiff seeks disposition from the Court upon review of the "synopsis of myriad events". Exhibit D (emphasis added). Recently, Plaintiff diligently sought and was granted by ORDER of the Court his "Motion for Extension of Time", subsequently superseded by ORDER of HONORABLE JANE COOPER - HILL (filed 3/22/01). Now, Plaintiff perceives contingencies of the Court's question to his motives being exercised in "good-faith", from review of ORDER of HONORABLE JANE COOPER - HILL (3/22/01). However, to satisfy Plaintiff's instinctive perception, if correct, in regard the [sole] intention(s) of "motion for extension of time" was not submitted in "bad-faith" and utilized as "an invitation to redraft, amend or otherwise alter his complaint; accordingly", but to ameliorate claim(s) with more efficient clarity for the Court's prudence in its resolution of judgment. Further, Plaintiff reserves being mindful to the Court and defendants' perservation of initial filing(s) and other pertinent documents that would unveil and obviate any such devious [act]. Consequently, in view of pro-se capacity, demonstrated efforts to ameliorate complaint in "good-faith", should not cause [prejudice] to the opposing parties above.

3

CStPDF - www.tssta.com

**E.**

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

Plaintiff has initiated [no] other lawsuit(s) in any other Courts established under existing dual sovereignty judicial system(s) jurisdiction, pertinent to the facts herein or otherwise related to the conditions of being imprisoned. However, in the instant matter, Plaintiff has heretofore exhausted [all] effort(s) pursued, both informally and formally, through the appropriately provided administrative officials/channels, in regard to [acts] complained of in Part D (above); but, to no avail. Exhibit D.

**F.**

## PREVIOUSLY DISMISSED ACTIONS OR APPEALS

Plaintiff, being ultimately mindful to the onerous "work-load" today upon our judicial system at [all] levels and phases, declares that [only] the pursuit of, inter alia," justice, fairness and public reputation" is the motivating factor that compelled submission of claim(s), herein. This is the [sole] encounter of such behavior/conduct to spawn a civil action proceeding in a Court of the United States, or any other jurisdiction, pertinent to being incarcerated or detained in any facility, period.

**G.**

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff request that the Court grants the following [relief]:

(a). Award compensatory damages against:

    1. Michael A. Purdy - WARDEN, for the [deliberate-indifference] compelled upon Plaintiff, as demonstrated herein, within the ambit of his Office, Employment, and/or Individual capacity,

    2. Steven Hardman, D.D.S. - Chief of Dental Services, for the [deliberate-indifference] compelled upon Plaintiff, as demonstrated herein, within the ambit of his Office, Employment, and/or Individual capacity, and

4

3. [Whosoever] else that may be implicated by [acts] of [deliberate-indifference] compelled upon Plaintiff, as demonstrated herein, within the ambit of his Office, Employment, and/or Individual capacity.

(b)  Award punitive damages against:

1.  Same as n. (a)(1),

2.  Same as no. (a)(2), and

3.  Same as no. (a) (3).

Plaintiff, mindful to request for "monetary relief" at the outset of advancing claim(s) herein (Jan. 2000), respectfully retracts asserted sought amount of $10,000,750.00 being potentially beyond reason. But, does demand judgment against the defendants above, inter alia, with "monetary relief" being sought as [un-specified], at this point.

(c)  Plaintiff further seeks appointment of counsel, as provided under existing Federal Law for indigents, to efficiently pursue claim(s) in compliance to "Rules of the Court".

*Richard Barron*
Richard Barron (pro-se)
No. 60591-080

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. Sec. 1746; 18 U.S.C. Sec. 1621.

Executed at F.C.I. Texarkana, TX on April 2, 2001.

*Richard Barron*
Richard Barron (pro-se)
No. 60591-080

5

*EXHIBIT
A*

United States District Court
Southern District of Texas
ENTERED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MAR - 2 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| *RICHARD BARRON,*<br>*Plaintiff,* | § § § | *16.* |
| V. | § | C.A. NO. C-00-041 |
| MICHAEL A. PURDY, ET AL | § § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
TO RE-OPEN CASE**

On January 2, 2001, United States Magistrate Judge Jane Cooper-Hill signed a Memorandum and Recommendation recommending that Plaintiff's motion to reopen be granted and that his claims be reinstated, and that he be required to file a signed complaint and pay the initial $3.00 initial partial filing fee within 10 days of entry of an order adopting the recommendation. Seeing no objection to this recommendation by either party and having now reviewed the recommendation, this Court hereby adopts as its own the Memorandum and Recommendation as the decision of the Court. Accordingly, it is

ORDERED that Plaintiff's motion to reopen (D.E. 11) is granted and plaintiff's claims are reinstated. Plaintiff is required to file a signed complaint and pay the initial $3.00 initial partial filing fee within 10 days of entry of this order.

*EXHIBIT*
*B*

United States District Court
Southern District of Texas
ENTERED

JAN 2 9 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

*RICHARD BARRON,*
     *Plaintiff,*

V.

MICHAEL A. PURDY, ET AL.

§
§
§
§
§

16.

C.A. NO. C-00-041

## MEMORANDUM AND RECOMMENDATION
## TO RE-OPEN CASE

On January 28, 2000, plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under Bivens[1] alleging that officials and employees of the Federal Bureau of Prisons at FCI Three Rivers were deliberately indifferent to his serious medical needs. On July 3, 2000, the Court entered final judgment dismissing the case without prejudice for want of prosecution and failure to comply with the PLRA. See D.E. 9, 10. Now before the Court is plaintiff's motion to reopen case (D.E. 11). A telephone conference was held on this motion on January 24, 2001.

### I.  BACKGROUND

This lawsuit was filed on January 28, 2000. The envelope in which it was received by the Clerk indicated that it was placed in the mail system at FCI Three Rivers on January 22, 2000. Plaintiff was transferred from FCI Three Rivers on January 25, 2000 (D.E. 11 at 1). He spent about 25 days at a transfer facility in Oklahoma City and was then sent to Texarkana about February 25, 2000.

---

[1]*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Case 2:00-cv-00041   Document 21   Filed in TXSD on 04/06/2001   Page 8 of 13

_EXHIBIT C_

United States District Court
Southern District of Texas
ENTERED

MAR 2 2 2001

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICHARD BARRON                     §
                                   §        20.
v.                                 §
                                   §    C.A. NO. C-00-041
MICHAEL A. PURDY, ET AL.           §

## ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME

Plaintiff seeks 21 additional days in which to file a signed complaint as required. (D.E. 18). Plaintiff has known since February 1, 2001, when he received the Memorandum and Recommendation, that he would be required to sign his complaint if the case was reinstated. He received the order reinstating the case on March 9, 2001. The requirement that he sign the complaint is not an invitation to re-draft, amend or otherwise alter his complaint; accordingly, the Court sees no need for such a lengthy delay. The signed complaint must be filed no later than April 2, 2001.

ORDERED this ___21___ day of March 2001.

JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

*D-(1)*

U.S. Department of Justice

Federal Bureau of Prisons

[EXHIBIT D] Regional Administrative Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _Richard Barron_ __60591-080__ _C-2_ __F.C.I. Texarkana, TX__
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.       UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**   This is a synopsis of the myriad events that spawned the grievance heretofore:  Inmate                (hereinafter Inmate) sustained a serious "gunshot" wound to the mouth in 1983, **prior** to conviction in the instant offense, which [never] received adequate medical attention. However, in 1993, Inmate was sentenced in U.S. District Court, Waco, TX, to one hundred and fifty-one (151) months and placed in the custody of B.O.P. Upon arrival at designation (F.C.I. Three Rivers, TX), Inmate encountered Dr. Steven Hardman, D.D.S., Chief of Dentistry, who discovered the yet existing **problem** sustained from **prior** "gunshot" wound (above).

Subsequent to myriad disscussions pertaining to this **now** critical matter, the B.O.P. initially declined to medically fund diagnostic treatment in 1994, then finally, it was **not** until 1996 that authorization rendered care to commence for Inmate. Then, on August 18, 1997, Inmate underwent surgery in an attempt to rectify this distinct **medical** condition (**beyond** the institution) at University Hospital Health Center (U.H.H.C.), San Antonio, TX. After [no] initial complications encountered from the surgery, on August 25, 1997, U.H.H.C.'s physician(s) deemed Inmate's condition suitable for **return** to F.C.I. Three Rivers, TX, implicitly to be monitored by B.O.P. medical staff; ensuing Inmate's **initial** sanction (90 days) to designated quarters, with explicit restrictions, to ensure **sole** purpose, as obliged. (SEE p. 2)

_10/13/00_
          DATE

_Richard Barron_
          SIGNATURE OF REQUESTOR

---

**Part B—RESPONSE**

---

DATE                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                                         CASE NUMBER: _____

Return to: _____
                 LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT         INSTITUTION

SUBJECT: _____

_____                                                              BP-DIR-10
          DATE                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL      April 1982

D ②

At this point, Inmate's exposure to [deliberate-indifference] was adversely compelled upon him by B.O.P. staff (F.C.I. Three Rivers, TX) by its [failure] to provide the "monitoring and treatment" of necessity; thus, causing wantonly inflicted, inter alia, pain, dizzy spells, headaches, numbness, tearing of the eyes and difficulty communicating, in result(s) from [poor] post-operative medical care of [said] staff (above). Moreover, said actions/inactions above, gave "birth" to claim(s) hereafter. However, though should [not] be a viable plea, upon Inmate's return (F.C.I. Three Rivers, TX-8/25/97) from U.H.H.C., F.C.I.'s Dr. Steven Hardman, who is familiar with this case, was [not] on duty, but on leave (vacation) and available colleague(s) did [not] survey Inmate's condition until, on or about two (2) weeks past, subsequent to apparent infection. Thus, causing dilapidation to surgical process rendered at U.H.H.C., which then made "sick-call" here, utterly mandatory. Immediately, upon return to U.H.H.C., Inmate's apparent condition was diagnostically deemed beyond its capacity to treat, as his return to F.C.I. Three Rivers, was rendered that [same] day, only then to be ensued by being transported to Rochester, Minnosota to a specialist, on or about September 7, 1997.

Upon arrival at Rochester, Minnosota, Inmate's apparent condition was utterly deemed [critical] and any attempt(s) to pursue additional surgery here was ultimately unfavorable by physician(s) in charge. Subsequent to extensive treatment(s) in preparation to further surgery, it was [not] until, on or about, one (1) year passed that Inmate was deemed able to sustain essential surgery (8/4/98). Though this performed surgical process proved to be viable, physician(s) thereafter deemed Inmate suitable for return to B.O.P. designation (F.C.I. Three Rivers, TX) during May 1999, for continued monitoring by B.O.P. medical staff.

Pursuant to Inmate being exposed to above described [deliberate-indifference], adversely compelled upon him by B.O.P. staff (F.C.I. Three Rivers, TX) in its [failure] to provide "monitoring and treatment(s)" of necessity; thus, causing wantonly inflicted, inter alia, pain,...(above), is susceptible to filed Tort Claim of June 3, 1999 (F.C.I. Three Rivers,TX). A response was rendered by B.O.P. in letter of June 4, 1999 (Exhibit A, attached). Further, Inmate is in receipt of B.O.P.'s utterly dormant response to [said] claim(s), advising to forthright [DENIAL] (Exhibit B, attached). This decision, with its digressive response, [fails] to utterly account for Inmate's exposure to [deliberate-indifference] being adversely compelled upon him by B.O.P. staff; specifically during August-September 1997 (emphasis added). Therefore, in B.O.P.'s letter of November 19, 1999 (Exhibit B), though it refers to August 25, 1997, it is utterly inconceivable/impossible to elude to "Records indicate you purchased numerous high sugar foods..." (at p. 2), to circumvent its' own created exposure to [deliberate-indifference], when the [record] is "crystal-clear" as to above described sanction/restriction(s) during August-September 1997 (emphasis added). Nonetheless, as advised (Exhibit B), on January 28, 2000 (with inmate assistance), a "Prisoner Civil Rights Complaint" was feasibly perfected and filed in Honorable U.S. District Court (Corpus Chris, TX), BARRON v. PURDY, et al., Case No. 2:00-CV-41.

Now, the [threshold] to this grievance, in "good-faith" as [all] claim(s) heretofore, that being the "untimely transfer" from F.C.I. Three Rivers, TX, is suspect to impediment to access to the Court, moreover, [failure] of [said] institution to adhere to its policy, as the record being otherwise devoid, as provided in 28 C.F.R. Sec. 540.25,(e), (f) (emphasis added). The record does demonstrate [said] institution's [failure] to forward "special mail" of February 9, 2000, during detainment at "OKC Transfer Center" (Jan.-Feb. 2000), as designation to F.C.I. Texarkana, TX, [not] unknown, significantly affected Inmate's "timely" response to the Court. Thus, causing initial exposure, inter alia, to Honorable U.S. District Court's [adverse] judgment(s) in toto.

Respectfully submitted,

*Richard Barron*

Richard Barron
No. 60591-080   10-13/00

2

D-(3)



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

South Central Regional Office

Dallas, Texas 75219

June 4, 1999

*Exhibit A*

MEMORANDUM FOR *Richard Barron*
Reg. No. *60591-080*
FCI Three Rivers

FROM:        Linda Nutt, Paralegal Specialist
South Central Region

SUBJECT:     Administrative Tort Claim – T-SCR-99-247

This acknowledges our receipt of your claim for alleged personal injury.  The claim will be reviewed by this office.

The Federal Tort Claims Act affords the government six (6) months from the date the claim was filed (_**06/03/99**_) to make an administrative decision in this matter.

If further information is needed to establish your submission as a claim for relief under the Federal Tort Claims Act, we will contact you and request the necessary information.

Please advise this office of your release date and release address if you are going to be released within six months of the date of this memorandum.

jw





**U.S. Department of Justice**

**Federal Bureau of Prisons**

*South Central Regional Office*

---

NOV 1 6 1999

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

November 15, 1999

*Exhibit B*

**VIA CERTIFIED MAIL**

Richard Barron
Reg. No. 60591-080
Federal Correctional Institution
P.O. Box 4000
Three Rivers, Texas 78071

Re: Tort Claim No. T-SCR-99-247

Dear Mr. Barron:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, Title 28 U.S.C. Section 2762 et seq., and authority granted by 28 C.F.R. Section 0.172.  You claim government liability in the amount of $10,750,000.00, as compensation for a personal injury.

Section 2672 of the Federal Tort Claims Act delegates to each federal agency the authority to consider, determine, and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You claim that Bureau of Prisons staff (staff) gave you poor post-operative care which resulted in an infection at the surgical site.  Specifically you state that on August 18, 1997, you had surgery to repair complications arising from a gunshot wound to the roof of your mouth suffered in 1983.  You assert that upon returning to FCI Three Rivers, you requested but were denied post-operative medical care.  You allege that, as a result, your mouth became infected and you lost tissue that had been implanted on the roof of the mouth.  You further claim that as a result of poor medical care you suffer from pain, dizzy spells, headaches, numbness, tearing of the eyes, and difficulty communicating.  You now seek compensation for future medical expenses.

Investigation revealed that on August 18, 1997, you underwent a surgical closure of an oral antral fistula with a temporalis



*Exhibit B*                    D-5

myofascial flap (placement of tissue over a perforation in the roof of the mouth). There were no complications with the surgery, and you were discharged to FCI Three Rivers on August 25, 1997. Medical records reveal that you received the recommended post-operative care and medication, and there is no indication the staff failed to provide proper treatment.

It is noted that you are diabetic and that complications and infection of the wound was likely caused or exacerbated by your failure to maintain a proper diabetic diet. It is essential that diabetic patients recovering from surgery maintain a proper diet and avoid foods with high sugar content. Failure to maintain such a diet interferes with circulation and hampers the ability of the body to heal wounds. Investigation revealed that the hospital had difficulty maintaining your blood glucose levels, and these levels remained high upon your return to FCI Three Rivers. Records indicate you purchased numerous high sugar foods at the commissary. As a result, frequent adjustments to your daily insulin doses were necessary in an effort to control your glucose levels. Even under perfect conditions, not all operations are successful. In this case, staff provided appropriate medical care; however, your failure to maintain a diabetic diet contributed to the difficulty in maintaining acceptable glucose levels and hampered the healing process.

There is no evidence to indicate that you have sustained a loss caused by a negligent or wrongful act or omission of any Bureau of Prisons employee acting within the scope of his or her employment. Therefore, your claim is denied.

Please accept this communication as a denial of your claim. You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Michael D. Hood
Regional Counsel

cc: Michael A. Purdy, Warden
    FCI Three Rivers

2