United States District Court
Southern District of Texas
ENTERED

JUL 2 6 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICHARD BARRON §
§
V. § C.A. NO. C-00-041
§
MICHAEL A. PURDY, ET AL. §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS EIGHTH AMENDMENT CLAIM
## AND TO RETAIN CASE

Proceeding *pro se* and *in forma pauperis*, on January 28, 2000 plaintiff filed a civil rights complaint alleging constitutional violations by prison officials of the Federal Bureau of Prisons at FCI Three Rivers. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff brought suit under the Eighth Amendment against Warden Michael A. Purdy and Steven Hardman, D.D.S. (D.E. 1). This pleading was struck, and plaintiff re-filed his complaint on April 6, 2001 (D.E. 21). Although the second complaint did not expressly refer to a claim under the Federal Tort Claims Act ("FTCA"), plaintiff did attach a letter dated November 15, 1999 informing him of his right to bring suit under the FTCA.

At an evidentiary hearing[1] held on June 27, 2001, plaintiff confirmed that he wanted to file a claim under the FTCA. He was informed that to do so, he must amend his complaint to name the

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

United States as a defendant. His Motion to Amend (D.E. 27) was granted on July 25, 2001.

For the reasons discussed herein, it is recommended that plaintiff's claims for deliberate indifference to serious medical needs be dismissed, and that his claim under the Federal Tort Claims Act be retained on the Court's docket.

### I. BACKGROUND

After 10 years in state custody, plaintiff became a federal prisoner in 1993. On August 18, 1997, plaintiff had surgery to repair a quarter-size fistula in the palate of his mouth caused by a gunshot wound in 1983. Defendant Hardman, a dentist, attempted to arrange for the surgery in 1994, but the Bureau of Prisons ("BOP") denied this request. Hardman made the request again in 1995, and the surgery was approved. Plaintiff is an insulin-dependent diabetic.

Doctors in San Antonio surgically repaired the hole on August 18, 1997. According to plaintiff, the operation went well; he stated repeatedly at <u>Spears</u> that he does not wish to sue any individuals connected with the surgery itself. He stayed in San Antonio for nine days to recover, from August 18 through August 25, 1997. During this time, he experienced no problems. His blood sugar remained low, and he was taken care of every 30 to 40 minutes.

Plaintiff returned to Three Rivers on August 25, 1997. He was assigned to a cell and not to the infirmary. Dr. Hardman had gone on vacation without, plaintiff claims, making arrangements for somebody to provide adequate postoperative care for him. Plaintiff spent 7-10 days at FCI Three Rivers before the tissue that had been surgically attached to his palate came loose due to an infection. During that period, plaintiff put in sick call requests every day because he was in pain. He saw several physician's assistants, but they told plaintiff that he needed to wait until Dr. Hardman returned from vacation. Finally, after 7-10 days, plaintiff saw Dr. Thorp, who ordered him immediately to a hospital in San Antonio. Plaintiff was told there that nothing could be done at that time because his blood sugar was too high.

Dr. Thorp then arranged for plaintiff to be seen at a larger hospital in Rochester, Minnesota. The doctors there told plaintiff that it would be at least a year before they were able to do more corrective surgery. Plaintiff received a second surgery in Minnesota in August 1998.

Plaintiff contends that Warden Purdy was deliberately indifferent to his serious medical needs by failing to allow plaintiff more convalescence time in the San Antonio hospital since the surgery was so serious. Plaintiff does not think that the nine days he spent in San Antonio was sufficient. Although Purdy had no contact with plaintiff concerning the surgery or subsequent events,

plaintiff claims that Purdy had the authority to determine how long plaintiff remained in San Antonio and the responsibility to ensure that prison personnel paid more attention to plaintiff than they did.

Plaintiff contends that Dr. Hardman was deliberately indifferent to his serious medical needs and violated his Eighth Amendment rights because he did not leave anyone to take care of plaintiff while Hardman was out on vacation. Plaintiff was unable to offer any facts at the evidentiary hearing to substantiate his claim that Hardman was deliberately indifferent, however. Instead, it became clear that his claim against Hardman is, at best, one of negligence for failure to put someone in charge of plaintiff's case before he left for vacation.

No physician has told plaintiff that the postoperative care at Three Rivers caused either his infection or the ultimate failure of the surgery performed in San Antonio.

## II. APPLICABLE LAW

### A. Screening for frivolity

A prisoner's complaint, regardless of whether he prepays the entire filing fee or proceeds *in forma pauperis*, is subject to screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579 (5th Cir. 1998), cert. denied, 527 U.S. 1041, 119 S. Ct. 2405 (1999); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir.

4

1998) (per curiam). Under §1915A, the Court shall review the complaint and dismiss any portion it finds to be frivolous, malicious, or which fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous when "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). District judges have the authority "to dismiss a claim based on an indisputably meritless legal theory." Id. at 327, 109 S. Ct. at 1833. The Fifth Circuit has interpreted the Supreme Court's ruling as permitting a two pronged test: a prisoner's claims may be dismissed *sua sponte* when (1) the claim has no realistic chance of ultimate success or (2) the claim has no arguable basis in law and fact. See Booker v. Koonce, 2 F.3d 114, 116 n.9 (5th Cir. 1993); Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir. 1989). A pleading fails to state a claim upon which relief may be granted when the claimant can prove no set of facts entitling him to relief. Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.   Deliberate indifference**

Prison officials are liable for failure to provide medical treatment if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976). Deliberate indifference may be exhibited by prison doctors in their response to prisoners' needs, but it may also be

shown when prison officials have denied an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment. Id. at 104-05, 97 S. Ct. at 291. A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994). However, evidence of efforts by prison staff to attend to the medical need will negate a finding of deliberate indifference. Jackson v. Cain, 864 F.2d 1235, 1244 (5th Cir. 1989). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. See Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir. 1993).

Plaintiff offers no facts to suggest that the actions of either individual defendant were the product of a culpable intent to cause him harm. To the contrary, it appears that defendant Dr. Hardman went repeatedly out of his way to help plaintiff with the fistula that had gone unrepaired for ten years. At best, his claims against Dr. Hardman sound in negligence, which is not actionable under § 1983. Estelle, 429 U.S. at 105, 97 S. Ct. at 291; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Mendoza, 989 F.2d at 195. He has no evidence to suggest that Warden Purdy was involved in any decision involving his case, much

less that any such decision was motivated by deliberate indifference.

Plaintiff can prove no set of facts which would entitle him to recover against either defendant on his claim for deliberate indifference to serious medical needs; it is recommended that these claims be dismissed as frivolous and for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).

**C.   Supervisory liability**

Plaintiff testified that he sued Purdy because of his position of authority over other officials and employees at FCI Three Rivers.  Thus, plaintiff appears to be suing Purdy under a theory of *respondeat superior*.  Supervisory officials cannot be held vicariously liable under § 1983 for their subordinates' actions. See Monell v. Department of Social Servs., 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam).  Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury.  Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987); Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996); Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 452-53 (5th Cir.), cert. denied, 513 U.S. 815, 115 S. Ct. 70 (1994).

Plaintiff does not claim that Purdy was personally involved in the deprivation of his constitutional rights or that he implemented an unconstitutional policy. Therefore, it is recommended that plaintiff's claims against Purdy be dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

D.  **Federal Tort Claims Act**

Plaintiff has now named the United States of America as a defendant, and has pleaded facts that sound in negligence. The Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., creates a cause of action against the United States for tortious conduct by any employee of the government acting within the scope of his employment under circumstances where the United States, if a private person, would be liable. Richards v. United States, 369 U.S. 1, 2, 82 S. Ct. 585, 587 (1962). Plaintiff has alleged that his care at Three Rivers was inadequate, resulting in infection and a failure of the surgical repair. He has adequately stated a claim of negligence under Texas Law. See Edwards v. United States, 519 F.2d 1137, 1139 (5th Cir. 1975) (state law controls liability under FTCA). And see Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989) (elements of negligence under Texas law).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's claims for deliberate indifference against Michael A. Purdy and

Steven Hardman be dismissed as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). It is further recommended that plaintiff's claims under the FTCA be retained on the Court's docket.

Respectfully submitted this 25 day of July, 2001.

*[signature]*
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).