IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG - 9 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| RICHARD BARRON, | § | |
| | § | |
| Plaintiff, | § | 37. |
| | § | |
| vs. | § | Civil No. C-00-041 |
| | § | |
| MICHAEL PURDY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
## OF MAGISTRATE JUDGE

Pending before the Court is the Memorandum and
Recommendation to Dismiss Eighth Amendment Claim and to Retain
Case, issued July 25, 2001 by U.S. Magistrate Jane Cooper-Hill.
For the following reasons, the Court adopts the memorandum and
recommendation.

## I. JURISDICTION

The Court has federal question jurisdiction over Plaintiff's
claims under 28 U.S.C. § 1331.

## II. FACTS

The facts underlying Plaintiff's claims are described in the
Memorandum and Recommendation and will not be repeated here.
Suffice it to say that Plaintiff has asserted claims against
various individuals employed with the Bureau of Prisons for
failure to provide proper medical care.  The Magistrate

determined that Plaintiff has failed to state a claim for violation of his civil rights against the individual defendants, and the Court adopts the Magistrate's conclusion. Accordingly, the Court will dismiss Plaintiff's claims against the individual defendants under Rule 12(b)(6).

The Magistrate also determined that Plaintiff alleged a cause of action for negligence cognizable under the Federal Tort Claims Act, 28 U.S.C. § 2671, et *seq*. The Court now addresses the question of whether Plaintiff has satisfied the prerequisites for an FTCA suit, which requires a review of this case's procedural history.

Plaintiff originally filed his suit on January 28, 2000. The petition alleged damages for the failure to provide proper post-operative care following an operation in August 1997. Plaintiff indicated in his complaint that he had filed an administrative claim. On January 31, the Court ordered Plaintiff to pay a partial filing fee. The Clerk of Court sent a copy of the order to Plaintiff at Three Rivers prison, but the mail was returned as undeliverable. On June 29, 2000, the Court dismissed Plaintiff's suit for lack of prosecution and failure to pay the filing fee.

On January 12, 2001, Plaintiff filed a motion to "reopen" this suit, asserting that he had been transferred shortly after he filed the suit in 2000 and that none of the Court's correspondence had been delivered to him.  On February 27, 2001, the Court adopted the Magistrate's memorandum and recommendation to reinstate the suit provided that Plaintiff refile his petition and submit a partial filing fee.  Plaintiff refiled his complaint on April 6, 2001 and paid the partial fee.  On June 4, 2001, a copy of the complaint and other documents in this case were mailed to the United States Attorney in Houston, Texas, along with a notice that a <u>Spears</u> hearing was scheduled for June 27, 2001.  Following the <u>Spears</u> hearing, Plaintiff moved for leave to add the United States as a party, which the Court granted.

Plaintiff's complaint included a copy of the papers from his administrative claim for damages.  One of those documents was a letter from the Bureau of Prisons' Regional Counsel denying Plaintiff's claim for damages.  This letter was dated November 15, 1999.

## III. DISCUSSION

The FTCA, 28 U.S.C. § 2671 *et seq.*, is a waiver of sovereign immunity and provides a tort cause of action against the United States "for injury or loss of property, or personal injury or

death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  An action may not be instituted unless "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).

Federal Regulations require presentation of federal tort claims to the appropriate federal agency.  See 28 C.F.R. §§ 14.1-14.11.  This exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Federal Tort Claims Act.  Whitley v. Hunt, 158 F.3d 882, 888 (5th Cir. 1998); McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-23 (5th Cir. 1989).  Furthermore, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of

4

final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

It is clear that Plaintiff has satisfied the jurisdictional prerequisite of submitting his claim for administrative adjudication. The agency sent Plaintiff a notice of final denial on November 15, 1999. Plaintiff first filed suit on January 28, 2000, within six months after the date of mailing of the notice of final denial.

The Court notes, however, that the case still may present limitation issues, because the case was dismissed on June 29, 2000, and it was not reinstated until February 27, 2001, yet the United States was not added as a party until July 23, 2001. Although the Court adopts the Memorandum and Recommendation, the Court will not foreclose the United States from making any appropriate motion to dismiss or motion for summary judgment based on these issues, nor will Plaintiff be foreclosed from raising any claim for equitable tolling or relation back in response.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the Memorandum and Recommendation. Plaintiff's claims against Michael A. Purdy and Steven Hardman are DISMISSED. Plaintiff's claim for

negligence under the Federal Tort Claims Act is retained, without prejudice to any defense the United States may assert.

Signed this ___ day of August, 2001.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

6