United States Courts
Southern District of Texas  DT
FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS   MAY 21 2002

CORPUS CHRISTI DIVISION

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| RICHARD BARRON | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-41 |
| | § | |
| MICHAEL PURDY, et al., | § | |
|    *Defendants* | § | |

UNITED STATES' RULE 12(b)(1) MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The United States of America moves to dismiss the plaintiff's FTCA claim for lack

of subject matter jurisdiction and would respectfully show:

I. Factual Background

1.      The plaintiff filed an administrative claim under the Federal Tort Claims Act

with the Bureau of Prisons on June 3, 1999. *D.E. 21, Exh. A.* The Bureau of Prisons sent the

plaintiff a certified mail letter denying his claim on November 15, 1999. *D.E. 21, Exh. A.*

2.      On April 6, 2001, the plaintiff filed a complaint alleging a *Bivens* action and

named Michael A. Purdy and Steven Hardman as the defendants. He did not name the

United States or one of its agencies as a defendant. Jurisdiction was alleged to exist under

28 U.S.C. § 1331.

3.      The six month deadline for commencing an action against the United States

expired on May 15, 2000. *See* 28 U.S.C. § 2401(b).

4.    On July 23, 2001, the plaintiff filed a motion for leave to amend the complaint to add the United States as a defendant. *D.E. 27.* The United States was added as a defendant by order entered July 25, 2001. *D.E. 30.*

5.    On August 7, 2001, the Court dismissed the claims against Purdy and Hardman and retained the FTCA claim against the United States. *D.E. 35.*

## II.  Rule 15(c) Does Not Apply

The Court lacks subject matter jurisdiction because the plaintiff's FTCA action was not commenced or "begun" until the United States was joined as a defendant on July 25, 2001, which was more than 14 months after the deadline prescribed in 28 U.S.C. § 2401(b). *See* Fed. R. Civ. P. 21; *Houston v. U.S. Postal Service*, 823 F.2d 896 (5th Cir. 1987).

The joinder of the United States does not relate back to the filing of the original complaint and nullify the time-bar because it "was not necessitated by the 'mistake' or 'misidentification' at which Rule 15(c)(3) is aimed." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). "For such a situation, the Rule does not allow relation back to the filing of the original complaint." *Id.* at 321-322. *See also, Taylor v. City of Winnfield*, 191 F.R.D. 511 (W.D. La. 2000). As the Seventh Circuit explained in *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993):

> [A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.
>
> . . .

2

> Rule 15(c)(2) [current Rule 15(c)(3)] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) [current Rule 15(c)(3)] whether or not the purported substituted party knew or should have known that the action would have been brought against him.

8 F.3d at 1256, *quoting Wood v. Worachek*, 618 F.2d 1225, 1229 & 1230 (7th Cir. 1980).

In *Wilson v. United States Government*, 23 F.3d 559 (1st Cir. 1994), the plaintiff sued his employer, GEGS, who was a Navy contractor. After limitations had run, he filed a motion seeking to join the United States as a defendant. The First Circuit held:

> [T]here was no "mistake concerning the identity of the proper party, as required by Rule 15(c)(3). Rather, Wilson merely lacked knowledge of the proper party. In other words, Wilson fully intended to sue GEGS, he did so, and GEGS turned out to be the wrong party. We have no doubt that Rule 15(c) is not designed to remedy such mistakes.

*Id.* at 563. *Accord, Saxton v. ACF Industries*, 239 F.3d 1209, 1216 (11th Cir. 2001); *Barrow v. Wethersfield Police Dept.*, 666 F.3d 466, 469-470 (2nd Cir. 1995).

Similarly, in the case at bar, Mr. Barron fully intended to sue Purdy and Hardman for damages under *Bivens*. He may have lacked knowledge that the United States of America was the proper defendant for an FTCA suit, but there was no "mistake concerning the identity of the proper party" as required by the express terms of Rule 15(c).

The opinion in *McGuire v. Turnbo*, 137 F.3d 321 (5th Cir. 1998), did not address Rule 15(c)'s requirement that there be a "mistake concerning the identity of the proper party" or the holding in *Jacobsen*. Accordingly, the Court should follow *Jacobsen* because it squarely

3

addressed the issue and adopted the rule applied by the First, Second, and Seventh circuits.

If there is any between them, the courts in this circuit are bound to follow *Jacobsen* because

one panel cannot overrule an earlier decision of another panel. *Matter of Howard*, 972 F.2d

639, 641 (5th Cir. 1992).

Conclusion

The plaintiff's FTCA claims should be dismissed for lack of subject matter

jurisdiction.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____

CHARLES WENDLANDT
Assistant United States Attorney
Admissions I.D. Number: 12172
State Bar I.D. Number: 21171500
800 N. Shoreline, Suite 500
Corpus Christi, Texas 78476
Tel.: (361) 888-3111
FAX (361) 888-3200

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to Richard Barron, Reg. No.
60591-080, FCI Texarkana, P.O. Box 7000, Texarkana, TX 75505, on May 2 ( , 2002.

_____

4



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD BARRON | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-41 |
| | § | |
| MICHAEL PURDY, et al., | § | |
| *Defendants* | § | |

## ORDER OF DISMISSAL

Before the Court is the United States' Rule 12(b)(1) Motion to Dismiss. Having considered the matter, the Court finds and concludes:

1.      The plaintiff filed an administrative claim under the Federal Tort Claims Act with the Bureau of Prisons on June 3, 1999. *D.E. 21, Exh. A.* The Bureau of Prisons sent the plaintiff a certified mail letter denying his claim on November 15, 1999. *D.E. 21, Exh. A.*

2.      On April 6, 2001, the plaintiff filed a complaint alleging a *Bivens* action and named Michael A. Purdy and Steven Hardman as the defendants. He did not name the United States or one of its agencies as a defendant. Jurisdiction was alleged to exist under 28 U.S.C. § 1331.

3.      The six month deadline for commencing an action against the United States expired on May 15, 2000. *See* 28 U.S.C. § 2401(b).

4.      On July 23, 2001, the plaintiff filed a motion for leave to amend the complaint to add the United States as a defendant. *D.E. 27.* The United States was added as a

1

defendant by order entered July 25, 2001. *D.E. 30*.

5.    On August 7, 2001, the Court dismissed the claims against Purdy and Hardman and retained the FTCA claim against the United States. *D.E. 35*.

6.    The Court lacks subject matter jurisdiction because the plaintiff's FTCA action was not "begun" until the United States was joined as a defendant on July 25, 2001, which was more than 14 months after the deadline prescribed in 28 U.S.C. § 2401(b). *See* Fed. R. Civ. P. 21; *Houston v. U.S. Postal Service*, 823 F.2d 896 (5th Cir. 1987).

7.    The joinder of the United States does not relate back to the filing of the original complaint and nullify the time-bar because it "was not necessitated by the 'mistake' or 'misidentification' at which Rule 15(c)(3) is aimed." *Jacobsen v. Osborne*, 133 F.3d 315, 312 (5th Cir. 1998). "For such a situation, the Rule does not allow relation back to the filing of the original complaint." *Id*. at 312-322. *See also, Taylor v. City of Winnfield*, 191 F.R.D. 511 (W.D. La. 2000). As the Seventh Circuit explained in *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993):

> [A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.
>
>                           . . .
>
> Rule 15(c)(2) [current Rule 15(c)(3)] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) [current Rule

2

15(c)(3)] whether or not the purported substituted party knew or should have known that the action would have been brought against him.

8 F.3d at 1256, *quoting Wood v. Worachek*, 618 F.2d 1225, 1229 & 1230 (7th Cir. 1980).

In *Wilson v. United States Government*, 23 F.3d 559 (1st Cir. 1994), the plaintiff sued his employer, GEGS, who was a Navy contractor. After limitations had run, he filed a motion seeking to join the United States as a defendant. The First Circuit held:

> [T]here was no "mistake concerning the identity of the proper party, as required by Rule 15(c)(3). Rather, Wilson merely lacked knowledge of the proper party. In other words, Wilson fully intended to sue GEGS, he did so, and GEGS turned out to be the wrong party. We have no doubt that Rule 15(c) is not designed to remedy such mistakes.

*Id.* at 563. *Accord*, *Saxton v. ACF Industries*, 239 F.3d 1209, 1216 (11th Cir. 2001); *Barrow v. Wethersfield Police Dept.*, 666 F.3d 466, 469-470 (2nd Cir. 1995).

Similarly, Mr. Barron fully intended to sue Purdy and Hardman for damages under *Bivens*. He may have lacked knowledge that the United States of America was the proper defendant for an FTCA suit, but there was no "mistake concerning the identity of the proper party" as required by the express terms of Rule 15(c).

The opinion in *McGuire v. Turnbo*, 137 F.3d 321 (5th Cir. 1998), did not address Rule 15(c)'s requirement that there be a "mistake concerning the identity of the proper party" or the holding in *Jacobsen*. Accordingly, the Court should follow *Jacobsen* because it squarely addressed the issue and adopted the rule applied by the First, Second, and Seventh circuits. If there is any between them, the courts in this circuit are bound to follow *Jacobsen* because one panel cannot overrule an earlier decision of another panel. *Matter of Howard*, 972 F.2d

3

639, 641 (5th Cir. 1992).

It is therefore ORDERED that the plaintiff's claims against the United States of America are hereby dismissed for lack of subject matter jurisdiction.

Dated: _____

_____
JANIS GRAHAM JACK
United States District Judge

.

4