IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

JUN 14 02

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| RICHARD BARRON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-41 |
| | § | |
| UNITED STATES OF AMERICA, | § | |

## DEFENDANT'S PRETRIAL ORDER

### I. APPEARANCE OF COUNSEL

Richard Barron, Register No. 60591-080, is appearing pro se. His address is FCI

Texarkana, P.O. Box 7000, Texarkana, TX 75505.

The United States is represented by Charles Wendlandt, Assistant U.S. Attorney, 800

N. Shoreline Blvd., Suite 500, Corpus Christi, Texas 78401, Tel. No. 361-888-3111.

### II. STATEMENT OF THE CASE

The plaintiff commenced this suit as a *Bivens* action against Michael Purdy and

Steven Hardman. The United States was added as a defendant on July 26, 2001, D.E. 30, and

the claims against Purdy and Hardman were dismissed on August 9, 2001. D.E. 38.

The plaintiff claims that the staff at FCI Three Rivers failed to provide him

appropriate post-operative care after a hole in the roof of his mouth was surgically repaired

at a San Antonio hospital in August 1997. The United States asserts that the Court lacks

subject matter jurisdiction and denies that the failure of the surgical repair was caused by a

breach of the applicable standard of care by its employees.

1

### III. JURISDICTION

24 U.S.C.§ 1346(b)(1) confers jurisdiction to hear an FTCA action. However, the defendant asserts that the Court lacks subject matter jurisdiction because the plaintiff did not commence an action against the United States within six months of the mailing of a letter denying his administrative claim. 28 U.S.C. § 2401(b).

### IV. MOTIONS

There are no pending motions as of June 13, 2002.

### V. DEFENDANT'S CONTENTIONS

A. Lack of Subject Matter Jurisdiction:

The plaintiff filed an administrative claim under the FTCA and the Bureau of Prisons sent him a certified mail letter denying it on November 15, 1999. *D.E. 21, pg. 12*. The six month deadline for commencing an action against the United States expired on May 15, 2000. *See* 28 U.S.C. § 2401(b). The plaintiff's suit is time-barred because it was not commenced or "begun" until the United States was added as a defendant by order entered July 25, 2001. *See* Fed. R. Civ. P. 21; *Houston v. U.S. Postal Service*, 823 F.2d 896 (5th Cir. 1987). The joinder of the United States does not relate back to the filing of the original complaint because it "was not necessitated by the 'mistake' or 'misidentification' at which Rule 15(c)(3) is aimed." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). "For such a situation, the Rule does not allow relation back to the filing of the original complaint." *Id.* at 321-322. *See also, Taylor v. City of Winnfield*, 191 F.R.D. 511 (W.D. La. 2000). As the

2

Seventh Circuit explained in *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993):

> [A]mendment with relation back is generally permitted in order to correct a
> misnomer of a defendant where the proper defendant is already before the
> court and the effect is merely to correct the name under which he is sued. But
> a new defendant cannot normally be substituted or added by amendment after
> the statute of limitations has run.
>
> . . .
>
> Rule 15(c)(2) [current Rule 15(c)(3)] permits an amendment to relate back
> only where there has been an error made concerning the identity of the proper
> party and where that party is chargeable with knowledge of the mistake, but it
> does not permit relation back where, as here, there is a lack of knowledge of
> the proper party. Thus, in the absence of a mistake in the identification of the
> proper party, it is irrelevant for the purposes of Rule 15(c)(2) [current Rule
> 15(c)(3)] whether or not the purported substituted party knew or should have
> known that the action would have been brought against him.

8 F.3d at 1256, *quoting Wood v. Worachek*, 618 F.2d 1225, 1229 & 1230 (7th Cir. 1980).

In *Wilson v. United States Government*, 23 F.3d 559 (1st Cir. 1994), an employee sued

his employer, who was a Navy contractor. After limitations had run, he filed a motion

seeking to join the United States as a defendant. The First Circuit held:

> [T]here was no "mistake concerning the identity of the proper party, as requir-
> ed by Rule 15(c)(3). Rather, Wilson merely lacked knowledge of the proper
> party. In other words, Wilson fully intended to sue GEGS, he did so, and
> GEGS turned out to be the wrong party. We have no doubt that Rule 15(c) is
> not designed to remedy such mistakes.

*Id.* at 563. *Accord, Saxton v. ACF Industries*, 239 F.3d 1209, 1216 (11th Cir. 2001); *Barrow*

*v. Wethersfield Police Dept.*, 666 F.3d 466, 469-470 (2nd Cir. 1995).

Mr. Barron intended to sue Purdy and Hardman under *Bivens*. He may have lacked

knowledge that the United States was the proper defendant for an FTCA suit, but there was

no "mistake concerning the identity of the proper party" as required by Rule 15(c).

3

Also, *McGuire v. Turnbo*, 137 F.3d 321 (5th Cir. 1998), did not address *Jacobsen* or Rule 15(c)'s requirement that there be a "mistake concerning the identity of the proper party". *Jacobsen* should be followed because it addressed the issue and adopted the rule applied by the First, Second, and Seventh circuits. If there is any conflict between them, the courts in this circuit are bound to follow *Jacobsen* because one panel cannot overrule an earlier decision of another panel. *Matter of Howard*, 972 F.2d 639, 641 (5th Cir. 1992).

B.    Merits of the Case:

1.    The plaintiff has the burden to introduce evidence through a medical expert that will establish a medical standard of care. Moreover, he has the burden to show, by expert testimony, that the staff at FCI Three Rivers breached the applicable standard of care and that such breach was the proximate cause of the failure of his surgical repair. *See Edwards v. United States*, 519 F.2d 1137 (5th Cir. 1975); *McClure v. U.S. Bureau of Prisons*, 2001 WL 1029524 (N.D. Tex.); *Shevak v. United States*, 528 F.Supp. 427 (N.D. Tex. 1981).

2.    The staff of FCI Three Rivers did not breach an applicable standard of care with respect to the surgical repair of the roof of the plaintiff's mouth or his post-operative treatment.

3.    If the staff at FCI Three Rivers breached an applicable standard of care in some respect, it was not the proximate cause of the failure of the surgical repair.

4.    The plaintiff's consumption of ice cream, candy bars, and orange juice elevated his blood sugar levels and contributed to the failure of the surgical repair.

4

## VI. ADMISSIONS OF FACT

1.      On Monday, August 18, 1997, the hole in the roof of the plaintiff's mouth was surgically repaired by a private physician at the University Hospital Health Center in San Antonio.  He remained at the hospital until he was discharged and returned to FCI Three Rivers on Monday, August 25, 1997. *D.E. 26, pgs. 3-5; Def. Exh. 1 & 2.*.

2.      He was flown to FMC Rochester on October 7, 1997.  D.E. 26, pg. 7.

3.      The plaintiff filed an administrative claim for $10,750,000.00 under the FTCA on June 3, 1999. *D.E. 21, pg.  A & B.*

## VII. CONTESTED ISSUES OF FACT

1.      Whether the United States "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it instead of Purdy and Hardman.  Fed. R. Civ. P. 15(c).

2.      Whether there is a factual basis for equitably tolling the six month statute of limitations prescribed in 28 U.S.C. § 2401(b).

3.      The nature and extent of the applicable standard of care under Texas law.

4.      Whether the staff at FCI Three Rivers breached the applicable standard of care under Texas law and, if so, whether their breach was the proximate cause of the failure of the surgical repair of the roof of the plaintiff's mouth.

5.      Whether the plaintiff followed an appropriate diabetic diet and, if not, whether that failure caused or contributed to the infection and failure of the surgical repair.

5

6.    The amount of compensatory damages.

## VIII. AGREED PROPOSITIONS OF LAW

Texas law controls the issue of liability and burden of proof in this case. *United States v. Muniz*, 374 U.S. 150, 162-163 (1963); *Edwards v. United States*, 519 F.2d 1137, 1139 (5th Cir. 1975).

## IX. CONTESTED PROPOSITIONS OF LAW

1.    Whether the United States "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it instead of Purdy and Hardman. Fed. R. Civ. P. 15(c); *Jacobsen v. Osborne, supra*.

2.    Whether there is a legal basis for equitably tolling the six month statute of limitations prescribed in 28 U.S.C. § 2401(b).

3.    Whether the plaintiff can prove his claims without a medical expert.

## X. EXHIBITS

The defendant has attached two copies of the list of the exhibits it expects to offer at trial and is serving a copy of those exhibits with this pretrial order.

## XI. WITNESSES

The defendant may call Martin Sweaney to authenticate some of the defendant's exhibits. Mr. Sweaney is an attorney with the Bureau of Prisons. He works at FCI Bastrop and his telephone number is 361-512-304-0207.

The defendant may also call Michael Willow, an official at FCI Three Rivers, to

6

authenticate the commissary purchase receipts which may be offered as Defendant's Exhibits 13-15.

## XII. TRIAL TIME & LOGISTICS

Counsel for the defendant believes that the trial will require less than half of a day. Counsel is not aware of any logistical problems and is taking steps to insure that the plaintiff is permitted to bring his records and legal papers related to this case.

## XIV. ATTACHMENTS

A.    Defendant's Exhibit List

B.    Defendant's Proposed Findings of Fact and Conclusions of Law


Date: _____          _____
                                JANIS GRAHAM JACK
                                UNITED STATES DISTRICT JUDGE



                        Respectfully submitted,
                        MICHAEL T. SHELBY
                        United States Attorney

            By:     _____
                        CHARLES WENDLANDT
                        Assistant United States Attorney
                        Admissions I.D. Number: 12172
                        State Bar I.D. Number: 21171500
                        800 N. Shoreline, Suite 500
                        Corpus Christi, Texas  78476
                        Tel.:  (361) 888-3111
                        FAX  (361) 888-3200

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pretrial order and attachments were

mailed to Richard Barron, Reg. No. 60591-080, FCI Texarkana, P.O. Box 7000, Texarkana,

TX 75505, on June 14, 2002.

*Charles Wenbur*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD BARRON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-41 |
| | § | |
| UNITED STATES OF AMERICA, | § | |

DEFENDANT'S PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW

A.    Findings of Fact

1.    The plaintiff was stabbed in the chest in 1966 and in the abdomen in 1969. In 1983, he was shot at close range with a .38 caliber handgun damaging his left maxillary sinus and leaving a hole in the roof of his mouth. Since then he has suffered from a number of maladies including hypertension, insulin-dependent diabetes mellitus, and chronic Hepatitis C. *Def. Exh. 10.* In 1993, he was convicted of a drug offense and was sent to FCI Three Rivers in 1993. The chief dentist at Three Rivers, Dr. Steven Hardman, D.D.S.,arranged to have him seen by a private surgeon in San Antonio. D.E. 26.

2.    On Monday, August 18, 1997, the hole in the roof of the plaintiff's mouth was surgically repaired by a private physician at the University Hospital Health Center in San Antonio. He was discharged from the hospital and returned to FCI Three Rivers on Monday, August 25, 1997. *D.E. 26, pgs. 3-5; Def. Exh. 1 & 2.*

3.    On Friday, August 29, 1997, he was seen for a followup appointment with Oral and Maxillofacial Surgery Services at the Brady Green Walk-in Clinic in San Antonio. *Def.*

1

*Exh. 2, pg. 8.* At that time it was noted that he had no "complaints except occasional light nose bleeds at night." *Def. Exh. 5.*

    3.    When he returned to the Brady Green Walk-in Clinic on Friday, September 12, 1997, his blood sugars were in the 300-400 range and it was determined that the surgical repair had failed due to infection. *D.E. 26, pgs. 6 & 7; Def. Exh. 6 & 7.*

    2.    The staff of FCI Three Rivers did not breach an applicable standard of care with respect to the surgical repair of the roof of the plaintiff's mouth or his post-operative treatment.

    B.    <u>Conclusions of Law</u>

    1.    Jurisdiction to hear an FTCA action is based on 24 U.S.C.§ 1346(b)(1). However, the plaintiff's FTCA action was not commenced or "begun" until the United States was joined as a defendant on July 25, 2001, which was more than 14 months after the deadline prescribed in 28 U.S.C. § 2401(b). *See* Fed. R. Civ. P. 21; *Houston v. U.S. Postal Service,* 823 F.2d 896 (5th Cir. 1987).

    2.    The joinder of the United States does not relate back to the filing of the original complaint because it "was not necessitated by the 'mistake' or 'misidentification' at which Rule 15(c)(3) is aimed." *Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir. 1998). "For such a situation, the Rule does not allow relation back to the filing of the original complaint." *Id.* at 321-322. *See also, Taylor v. City of Winnfield,* 191 F.R.D. 511 (W.D. La. 2000). As the Seventh Circuit explained in *Worthington v. Wilson,* 8 F.3d 1253 (7th Cir. 1993):

> [A]mendment with relation back is generally permitted in order to correct a
> misnomer of a defendant where the proper defendant is already before the
> court and the effect is merely to correct the name under which he is sued. But
> a new defendant cannot normally be substituted or added by amendment after
> the statute of limitations has run.
>
> . . .
>
> Rule 15(c)(2) [current Rule 15(c)(3)] permits an amendment to relate back
> only where there has been an error made concerning the identity of the proper
> party and where that party is chargeable with knowledge of the mistake, but it
> does not permit relation back where, as here, there is a lack of knowledge of
> the proper party. Thus, in the absence of a mistake in the identification of the
> proper party, it is irrelevant for the purposes of Rule 15(c)(2) [current Rule
> 15(c)(3)] whether or not the purported substituted party knew or should have
> known that the action would have been brought against him.

8 F.3d at 1256, *quoting Wood v. Worachek*, 618 F.2d 1225, 1229 & 1230 (7th Cir. 1980).

3.    In *Wilson v. United States Government*, 23 F.3d 559 (1st Cir. 1994), an

employee sued his employer, who was a Navy contractor. After limitations had run, he filed

a motion seeking to join the United States as a defendant. The First Circuit held:

> [T]here was no "mistake concerning the identity of the proper party, as
> required by Rule 15(c)(3). Rather, Wilson merely lacked knowledge of the
> proper party. In other words, Wilson fully intended to sue GEGS, he did so,
> and GEGS turned out to be the wrong party. We have no doubt that Rule 15(c)
> is not designed to remedy such mistakes.

*Id.* at 563. *Accord, Saxton v. ACF Industries*, 239 F.3d 1209, 1216 (11th Cir. 2001); *Barrow*

*v. Wethersfield Police Dept.*, 666 F.3d 466, 469-470 (2nd Cir. 1995).

4.    The plaintiff intended to sue Purdy and Hardman under *Bivens*. He may have

lacked knowledge that the United States of America was the proper defendant for an FTCA

suit, but there was no "mistake concerning the identity of the proper party" as required by the

express terms of Rule 15(c).

3

5.      *McGuire v. Turnbo*, 137 F.3d 321 (5th Cir. 1998), did not address *Jacobsen* or

Rule 15(c)'s requirement that there be a "mistake concerning the identity of the proper

party". *Jacobsen* controls this case because it addressed the issue and adopted the rule

applied by the First, Second, and Seventh circuits. If there is any conflict between *Jacobsen*

and *McGuire*, the courts in this circuit are bound to follow *Jacobsen* because one panel

cannot overrule an earlier decision of another panel. *Matter of Howard*, 972 F.2d 639, 641

(5th Cir. 1992).

6.      The Court lacks subject matter jurisdiction because the plaintiff did not

commence an action against the United States within six months of the mailing of a letter

denying his administrative claim.  28 U.S.C. § 2401(b).

7.      Texas law controls the issue of liability and burden of proof in this case.

*United States v. Muniz*, 374 U.S. 150, 162-163 (1963); *Edwards v. United States*, 519 F.2d

1137, 1139 (5th Cir. 1975).  Accordingly, the plaintiff has the burden to introduce evidence

through a medical expert that will establish a medical standard of care.  Further, he has the

burden to show, by expert testimony, that the staff at FCI Three Rivers breached the

applicable medical standard of care and that such breach was the proximate cause of the

failure of his surgical repair.  *See Edwards v. United States*, 519 F.2d 1137 (5th Cir. 1975);

*McClure v. U.S. Bureau of Prisons*, 2001 WL 1029524 (N.D. Tex.); *Shevak v. United States*,

528 F.Supp. 427 (N.D. Tex. 1981).

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CASE NO. _____ C-00-41 _____

| RICHARD BARRON _____ | )( | Judge__ Janis Graham Jack _____ |
| | )( | |
| | )( | Courtroom Deputy _____ |
| | )( | |
| vs. | )( | Court Reporter/Recorder _____ |
| | )( | |
| UNITED STATES OF AMERICA _____ | )( | Proceeding: _____ |
| | )( | |
| | )( | Date: _____ |
| | )( | |
| | )( | Exhibit List of:  XXGovt . / Pltff ./  Deft. |
| | )( | |
| Page __1__ of _____2__ Pages | )( | Attorney: ____ Charles Wendlandt _____ |

| Exhibit no. | Description | Marked | Offered | Object | Admitted | Not Admitted |
|---|---|---|---|---|---|---|
| 1 | Hospital Discharge Notes 8/25/97 | | | | | |
| 2 | Hospital's Official Report | | | | | |
| 3 | Medical Status form 8/25/97 | | | | | |
| 4 | Medical Status form 8/26/97 | | | | | |
| 5 | Progress Notes 8/29/97 | | | | | |
| 6 | Progress Notes 9/12/97 | | | | | |
| 7 | Chronological Care Notes 1/9/97 to 10/6/97 | | | | | |
| 8 | Medication Profile Record | | | | | |
| 9 | Pill Line Records | | | | | |
| 10 | General History 10/9/97 | | | | | |

Page: _____2_____ CA/CR No.:_____C-00-41_____

___BARRON___ vs ___UNITED STATES___

Exhibit List of: XX Govt. / Pltff./ Deft.

Attorney: ___Charles Wendlandt_____

| Exhibit No. | Description | Marked | Offered | Object | Admitted | Not Admitted |
|---|---|---|---|---|---|---|
| 11 | General History Notes 12/17/97 | | | | | |
| 12 | Surgical Record 10/26/98 | | | | | |
| 13 | Commissary Receipts 8/7/97 | | | | | |
| 14 | Commissary Receipt 8/14/97 | | | | | |
| 15 | Commissary Receipts 8/28/97 & 9/11/97 | | | | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CASE NO.  ____C-00-41_____

RICHARD BARRON_____ )(       Judge__Janis Graham Jack_____·
                                          )(
                                          )(       Courtroom Deputy _____
                                          )(
vs.                                       )(       Court Reporter/Recorder _____
                                          )(
UNITED STATES OF AMERICA_____            )(       Proceeding: _____
                                          )(
                                          )(       Date: _____
                                          )(
                                          )(       Exhibit List of:  XXGovt . / Pltff ./  Deft.
                                          )(
Page __1__ of ____2__ Pages               )(       Attorney: ____Charles Wendlandt_____

| Exhibit no. | Description | Marked | Offered | Object | Admitted | Not Admitted |
|---|---|---|---|---|---|---|
| 1 | Hospital Discharge Notes 8/25/97 | | | | | |
| 2 | Hospital's Official Report | | | | | |
| 3 | Medical Status form 8/25/97 | | | | | |
| 4 | Medical Status form 8/26/97 | | | | | |
| 5 | Progress Notes 8/29/97 | | | | | |
| 6 | Progress Notes 9/12/97 | | | | | |
| 7 | Chronological Care Notes 1/9/97 to 10/6/97 | | | | | |
| 8 | Medication Profile Record | | | | | |
| 9 | Pill Line Records | | | | | |
| 10 | General History 10/9/97 | | | | | |

Page: ____2____   CA/CR No.:____C-00-41____

____BARRON____ vs ___UNITED STATES___

Exhibit List of: XX Govt. / Pltff./ Deft.

Attorney: ___Charles Wendlandt_____

| Exhibit No. | Description | Marked | Offered | Object | Admitted | Not Admitted |
|---|---|---|---|---|---|---|
| 11 | General History Notes 12/17/97 | | | | | |
| 12 | Surgical Record 10/26/98 | | | | | |
| 13 | Commissary Receipts 8/7/97 | | | | | |
| 14 | Commissary Receipt 8/14/97 | | | | | |
| 15 | Commissary Receipts 8/28/97 & 9/11/97 | | | | | |